# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8791 | **DATE** | 8/7/2002 |
| **CASE TITLE** | Frederick L. Reynolds vs. Elena Serfling | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment (16-1) is granted in part and denied in part. Enter memorandum opinion and order. Case terminated

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 08 2002 date docketed | | |
| ✓ | Docketing to mail notices. | | | 28 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 02 AUG -8 AM 10: 14 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK L. REYNOLDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 8791 |
| v. ) | |
| ) | Senior Judge George W. Lindberg |
| ELENA SERFLING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frederick L. Reynolds, filed a two-count amended complaint alleging claims against defendant, Elena Serfling, for imposition of a trust on a condominium apartment (the Condominium) title to which is held by the parties as joint tenants but which plaintiff alleges should be conveyed to him alone (Count I), and for conversion of furnishings of the apartment which defendant allegedly wrongfully removed (Count II). In her answer to the amended complaint, defendant pled a counterclaim alleging that her joint tenancy interest in the condominium was a gift from plaintiff and seeking partition of the realty. Defendant has moved for summary judgment on both counts of the amended complaint and on her counterclaim.

While visiting Chicago in May 2000, plaintiff met defendant. At that time, he was separated from his wife of 25 years and anticipating a divorce. Plaintiff is owner and operator of a financial management company. He was considering a permanent or semi-permanent move to Chicago, where he had family. On a return trip to Chicago in June 2000, plaintiff and defendant's friendly relationship became romantic. Plaintiff began living part of his time, when in Chicago, with defendant at her apartment. He began looking for a more permanent place to

live while in Chicago. Plaintiff initially considered renting, but defendant encouraged him to purchase an apartment. Defendant, a realtor, showed plaintiff available apartments and condominiums, including the Condominium.

In July 2000, plaintiff agreed to buy the Condominium for $285,000. Plaintiff paid defendant's broker's fee, the full purchase price of the Condominium, and all attorney's fees and closing costs. He wired money for the Condominium purchase from a checking account he shared with his estranged wife ("wife"). After the purchase, plaintiff allowed defendant to move into the Condominium with him. At the August 2000 closing, defendant requested that her name be included on the title of the Condominium. Defendant gave different reasons for why it was mutually beneficial for both plaintiff and her to be listed as owners. Plaintiff agreed with one of defendant's contentions that by making her an owner in the Condominium it would protect it from plaintiff's wife and the divorce proceedings. Plaintiff thought that adding defendant to the title would discourage his wife's pursuit of the Condominium, and his wife would want cash instead of the Condominium. Plaintiff therefore allowed defendant's name to be added as joint tenant. Before signing the closing documents, plaintiff contends that defendant orally promised to assign her interest in the Condominium back to him upon his request.

Even though he used marital funds, plaintiff did not notify his wife that he purchased the Condominium. In August or September 2000, around the time of plaintiff's filing of divorce proceedings and a few weeks after purchasing the Condominium, plaintiff's wife confronted

01 C 8791

him on the expenditure she noticed in their shared checking account. She further confronted him on why defendant was listed as a joint tenant on the Condominium's title. At that point, plaintiff openly discussed the matter with his wife and contended that defendant promised to turn over her property interest to him whenever he requested. Plaintiff and his wife then arranged to distribute $285,000 in cash from plaintiff to his wife so that plaintiff would receive the Condominium as his sole and separate property under the terms of the divorce.

Plaintiff and defendant began sharing the Condominium in August 2000. Plaintiff gave defendant access to a credit card and checking account for the purpose of remodeling, redecorating, and furnishing the condominium. Plaintiff contends that these expenditures were around $35,000. In early 2001, plaintiff wanted the Condominium conveyed back to him. Defendant has repeatedly refused to convey her property interest in the Condominium to plaintiff. Defendant moved to New Mexico, and in July and August of 2001 allowed a friend to live in the Condominium in her absence. In October 2001, defendant removed most Condominium furnishings to a separate storage facility. Plaintiff filed this action in November 2001 seeking to have defendant ordered to convey her interest in the Condominium and return all its furnishings to plaintiff.

Defendant has moved for summary judgment. Summary judgment may only be granted when there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Further, if a reasonable trier of fact could find for the party

01 C 8791

opposing the summary judgment motion, the motion must be denied. Tobey v. EXTEL/JWP, Inc., 985 F.2d 330, 332 (7th Cir. 1993).

Defendant contends that Count I of the amended complaint seeking imposition of a trust should be denied on the ground that plaintiff's "lack of equity." According to defendant, this court should not impose a trust because plaintiff's attempt to defraud his wife by including defendant's name as a joint tenant of the Condominium precludes the granting of equitable relief in plaintiff's favor and requires that the court leave the parties as found.

Defendant contends that plaintiff admitted in his complaint to attempting to defraud his wife and thus a "lack of equity" defense applies. Judicial admissions are binding upon the party making the allegation. Keller v. United States, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). A plaintiff can show that his or her claim is without merit by making a statement to that effect in the complaint. Jackson v. Marion Cty., 66 F.3d 151, 153-54 (7th Cir. 1995). However, a judicial admission should be clearly understood given its context. Standard Management Realty v. Johnson, 157 Ill. App. 3d 919, 925, 510 N.E.2d 986, 990 (1st Dist. 1987). Under Illinois law, a property owner cannot receive equitable relief after conveying property ownership with a fraudulent purpose. Rosenbaum v. Huebner, 277 Ill. 360 (1917); Peric v. Chicago Title & Trust Co., 89 Ill. App. 3d 271, 273, 411 NE 2d 934, 935 (1980). A fraudulent transfer occurs if the debtor made the transfer with "actual intent to hinder, delay, or defraud any creditor of the debtor." 740 ILCS § 160/5. In the amended complaint, plaintiff alleged that defendant "stated that she thought her name should be on the title in order to hide and/or protect the Condominium

4

01 C 8791

from [his] estranged wife." He further alleged that defendant encouraged him "to sign the [closing] documents reminding him that the only reason [defendant's] name would be on the title as joint tenant was to protect the Condominium during [his] divorce proceedings . . . . [He] then executed the documents." Later in discovery, plaintiff clarified his earlier allegation from the amended complaint claiming there was no attempt to hide the transaction from his wife. He contends that his wife reviewed all financial transactions carefully, and by wiring the funds for the purchase of the Condominium from a checking account he shared with his wife, she was bound to discover the purchase. However, plaintiff admitted that he intended to protect the property from his wife and that making defendant a joint tenant was, in part, to discourage his wife from seeking title to the Condominium in divorce proceedings. Plaintiff thought that making defendant a joint tenant would create such a complication that his wife would back away from seeking any interest in the property, and she would "get something else, cash."

In discovery, plaintiff admitted that he never notified his wife about the purchase. At least two weeks after the closing on the Condominium, his wife approached him about her discovery of both the $285,000 Condominium expenditure and his joint tenancy with defendant. Though she later stated in an affidavit that she never had any interest in the Condominium or owning property in Chicago, this does not alter the fact that plaintiff admittedly had an actual intent to discourage, and thus hinder and delay, his wife from pursuing her portion of the marital property in the Condominium. Plaintiff therefore fraudulently transferred the joint tenancy

5

01 C 8791

interest in the Condominium to defendant and so defendant's "lack of equity" defense applies to Count I.

Defendant contends that this court's acceptance of her "lack of equity" defense forbids the granting of equitable relief to plaintiff and requires this court to leave the parties as found. One who commits a fraudulent transfer cannot later come to a court for equitable relief. Hanley v. Hanley, 14 Ill. 2d 566, 574 (1958). If a plaintiff transfers property in an attempt to hinder or delay a creditor, equity will leave the parties as it finds them, "where they have placed themselves." Rosenbaum 277 Ill. at 367. Plaintiff committed a fraudulent transfer when he caused the Condominium to be owned in joint tenancy with defendant with the actual intent to hinder and delay his wife's pursuit of the Condominium in divorce proceedings. Thus, because of his "lack of equity," plaintiff is not entitled to equitable relief and this court will leave the parties as they have placed themselves. There being no genuine issue as to any material fact, defendant is entitled to summary judgment as a matter of law. Accordingly, the motion for summary judgment is granted with respect to Count I of the amended complaint.

Defendant contends that she is entitled to summary judgment on her counterclaim, which requests this court to order a partition of the Condominium. Again, a court of equity will not assist those who transfer property with a fraudulent purpose. Peric, 89 Ill App. 3d at 273. No person may take advantage of his or her wrong. Getty v. Hunter, 166 Ill. App. 3d 453, 457, 519 N.E. 2d 1040, 1042 (1988). Plaintiff's uncontested deposition testimony was that defendant suggested to him that the Condominium should be protected from his wife in divorce

proceedings. In other words, there was unrebutted evidence that defendant, with the actual intent to hinder or delay plaintiff's wife, participated in the scheme for plaintiff to commit the fraudulent transfer. Defendant was a coconspirator with plaintiff in a scheme to defraud plaintiff's wife by transferring the Condominium into a joint tenancy in order to hinder or delay plaintiff's wife from obtaining her rightful share of the Condominium. Thus, it is not only plaintiff who acted with a lack of equity; defendant did so as well. The evidence is such that defendant cannot have it both ways; she cannot have it that the transfer of the property into joint tenancy was a fraudulent transfer with respect to Count I of the amended complaint and was not a fraudulent transfer with respect to her counterclaim. The evidence demonstrates she was far too involved in the fraudulent transfer to avoid its consequences with respect to her counterclaim. Therefore, because defendant acted with lack of equity with respect to the transfer of the Condominium into the joint tenancy, the court will leave the parties as it finds them and so will deny defendant's motion for summary judgment with respect to defendant's counterclaim.

Count II of the amended complaint is a state law claim seeking to have this court impose a trust on the Condominium's furnishings for defendant's conversion of them. This court does not have original jurisdiction over Count II because the value of the furnishings is approximately $35,000.00, far below the requisite amount in controversy for diversity jurisdiction. See 28 USC § 1332. Rather, Count II falls within this court's supplemental jurisdiction. Fed. R. Civ. P. 1367(a). Because all claims over which this court had original

01 C 8791

jurisdiction have been dismissed, this court declines to exercise supplemental jurisdiction over Count II of the amended complaint. Fed. R. Civ. P. 1367(c)(3).

**ORDERED**: Defendant Elena Serfling's motion for summary judgment is granted in part and denied in part. The motion is granted with respect to Count I of the amended complaint, and denied with respect to Count II of the amended complaint and defendant's counterclaim. The court sua sponte grants summary judgment in favor of plaintiff Frederick L. Reynolds with respect to defendant's counterclaim. Judgment dismissing Count I of the amended complaint and the counterclaim with prejudice for lack of equity and dismissing Count II of the amended complaint without prejudice will be set forth on a separate document and entered in the civil docket. Fed. R. Civ. P. 58, 79(a).

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: AUG 07 2002

8